### Application of Robert Norbert GALVAN for Writ of Habeas Corpus.

#### Civ. A. No. 1701.

United States District Court, S. D. California, S. D.

Dec. 30, 1954.

Victor E. Urias, San Diego, Cal., for petitioner.

Harry Steward, Asst. U. S. Atty., San Diego, Cal., for respondent W. L. Press, officer in charge of Immigration & Naturalization Service.

*WEINBERGER, District Judge.*

Robert Norbert Galvan has this day filed a petition and application for writ of habeas corpus.

It appears that on December 21, 1951, in case No. 1318, petitioner filed a prior proceeding asking that a writ of habeas corpus be issued, alleging that he was illegally detained by the officials of the Immigration and Naturalization Service of this Division and District.

Petitioner had been ordered deported after proceedings had leading to a warrant of deportation issued October 30,

1951, on the ground that he was an alien who had, after entry into the United States, been a member of the Communist Party.

This Court, after hearing, denied the writ; petitioner appealed to the United States Court of Appeals for the Ninth Circuit, and this court's decision was affirmed. Galvan v. Press, 201 F.2d 302. Thereafter, writ of certiorari was granted, 346 U.S. 812, 74 S.Ct. 53, and on May 24, 1954, the United States Supreme Court rendered its decision, 347 U.S. 522, 74 S.Ct. 737, affirming the judgment. Thereafter, the mandate was stayed by the Supreme Court until November 24, 1954, when said mandate was spread upon the minutes of this Court.

The instant petition alleges that the detention of Galvan by immigration authorities for purposes of deportation is illegal. The grounds are alleged to be as follows:

" * * * it is sought to deport him to the Republic of Mexico in violation of the provisions of the Treaty of Guadalupe Hidalgo of 1848, which said Treaty, by its terms, accords to Mexican Nationals residing in ceded territories by contract or purchase all rights accruing to citizens of the United States. That the State of California is a territory ceded to the United States under said Treaty. That petitioner is the owner of real property in the City of San Diego, State of California and has owned said property for a period longer than nine years. That there is no law requiring the deportation of American or United States citizens. That one of the rights of United States citizenship is to acquire property and to have the use, benefit and enjoyment of such property and to reside thereon."

The petition was filed at a time when the bond of Galvan had been exonerated, and the Immigration Officials were preparing to deport him into Mexico. While the petition is improperly titled, we shall ask petitioner to amend the title, and order the Clerk to make the amendment by interlineation.

Petitioner is present in person and represented in Court by counsel, who has been asked to point out to the Court the provision in the Treaty on which he relies. He has done so, and we quote that provision:

"In the said territories, property of every kind, now belonging to Mexicans not established there, shall be inviolably respected. The present owners, the heirs of these, and all Mexicans who may hereafter acquire said property by contract, shall enjoy with respect to it guaranties equally ample as if the same belonged to citizens of the United States." West's Ann.Cal.Const. vol. 3, pp. 727 et seq., 732, Article VIII, 3rd paragraph.

We are unable to see anything in this section which places upon the United States the burden of allowing a Mexican alien who has been a member of the Communist Party to remain in this country solely that he may enjoy the occupancy of property within the territory covered by the Treaty of Guadalupe Hidalgo. Whatever concessions given in that historic document by one friendly nation to another which can be read into the Treaty, these, are of course, entitled to judicial obeisance. We find nothing there to warrant the granting of this writ of habeas corpus.

Petitioner has asked that we issue an order to show cause and delay the action of the Immigration Officials until he shall have had time to brief the question.

Petitioner's counsel and petitioner have had sufficient time, it seems to us, since May of this year, when the Supreme Court of the United States rendered its decision in effect sustaining the issuance of the warrant of deportation.

We do not feel that we should interfere with the carrying out of this warrant, and thus sanction the further hindrance of the Immigration Officials who are seeking to do their duty.

The application for the writ is denied.